107 F.3d 4
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES, Appellee,
v.
Melvyn ALTMAN, Defendant-Appellant.
 No. 96-1298.
 United States Court of Appeals,
 Second Circuit.
 Dec. 27, 1996.
 
 APPEARING FOR APPELLANT:GERALD L. SHARGEL, New York, NY.
 APPEARING FOR APPELLEE:PAUL A. ENGELMAYER, Assistant United States Attorney, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before VAN GRAAFEILAND, JACOBS, and CALABRESI, Circuit Judges.
 Appeal from the United States District Court for the Southern District of New York (Knapp, J.).
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 2
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.
 
 
 3
 Defendant Melvyn Altman appeals from the May 8, 1996 order of the United States District Court for the Southern District of New York (Knapp, J.), sentencing him to a term of 18 months in prison followed by three years of supervised release, and ordering him to pay a special assessment of $400. Altman argues that his severe heart and hip conditions warranted a downward departure in his sentence under the United States Sentencing Guidelines, but that the district court failed to recognize its power to grant such relief.
 
 
 4
 This is Altman's second appearance before this Court. He was convicted in 1993, after a jury trial, of violating 18 U.S.C. §§ 1341 (mail fraud), 1512(b)(3) (witness tampering), and 1014 (making false bank statements), and 26 U.S.C. § 7206(1) (filing false tax returns), and was sentenced by the district court (on February 1, 1994) to a total of 41 months imprisonment. Altman filed a direct appeal to this Court, challenging both the sufficiency of the evidence underlying his convictions and the length of his prison term. We issued an opinion, United States v. Altman, 48 F.3d 96, 105 (2d Cir.1995), reversing Altman's conviction for mail fraud, affirming his convictions on the remaining counts, vacating his sentence, and remanding the case for re-sentencing.
 
 
 5
 Altman argues that the district court, both in its initial sentencing determination and on remand, failed to recognize its power to reduce his sentence on account of his medical condition. For some time, Altman has had serious heart problems and a degenerative hip condition. Although the present severity of these ailments is disputed, Altman--now 64 years old--has undergone two hip operations (and may require a third), and had aortic-valve replacement surgery (which may have been only partially successful) in October 1995. Altman asserts that these conditions constitute "extraordinary physical impairment[s]" within the meaning of § 5H1.4 of the United States Sentencing Guidelines, warranting a downward departure in his sentence.
 
 
 6
 We have held that, although a "discretionary refusal to depart" from the Sentencing Guidelines "is not appealable," defendants "may appeal a district court's determination that it lacked authority to depart from the guidelines." United States v. Moore, 54 F.3d 92, 102 (2d Cir.1995), cert. denied, 116 S.Ct. 793 (1996). Such an appeal requires "a showing that a sentencing court was under the mistaken belief that it lacked authority to depart downward." United States v. McGregor, 11 F.3d 1133, 1138 (2d Cir.1993). Although it is a close question, we conclude that Altman has failed to make that showing here.
 
 
 7
 It is true that, at both sentencing hearings, the district court made statements acknowledging that Altman was in poor health and that imprisonment for a person in his condition would be particularly severe. Judge Knapp even stated his view (at the second hearing) that "in all probability sentencing [Altman] within the guideline range will shorten his life." Nonetheless, Judge Knapp recognized that, in sentencing Altman, he was "not permitted to consider" the bare facts regarding Altman's health: "[A]s I understand the guidelines, unless imprisonment would in and of itself endanger his life, I am not authorized to take those facts into consideration."
 
 
 8
 In our opinion considering Altman's direct appeal, we treated such statements by the district court as a finding that Altman's condition did not warrant a downward departure under the controlling Guidelines standard. We noted the district court's observation that Altman's health problems "simply need[ed] monitoring, and [he] d[id] not challenge the district court's finding that the Bureau of Prisons would be fully able to monitor his health." Altman, 48 F.3d at 104. We therefore rejected Altman's claim "that the district court did not recognize its power to depart" downward on account of his medical condition, concluding that the district court had instead "not consider[ed] Altman to have an extraordinary physical impairment" at the time of his initial sentencing. Id. We added, however, that the district court was free "to consider the current state of Altman's health on re-sentencing." Id. Our mandate thus afforded the district court full latitude to make a finding, upon remand, that Altman's medical problems did constitute "extraordinary physical impairment[s]" warranting a departure at that time.
 
 
 9
 On remand, however, the district court again found that Altman's condition--although certainly serious--did not justify a downward departure. Indeed, Judge Knapp expressly determined (on the basis of newly submitted medical reports) that Altman's condition had, if anything, improved since the time of the initial sentencing. Judge Knapp therefore concluded that he was "bound by the guidelines"--rather than by the law of the case--to deny a downward departure.
 
 
 10
 We cannot conclude, from the record before us, that the district court failed to recognize its power to depart downward on account of Altman's medical condition. Where, as here, a district court repeatedly declines to find that a defendant's condition constitutes an "extraordinary physical impairment" warranting a departure under § 5H1.4--despite an explicit invitation to make such a finding by this Court--we must defer to that decision. See Koon v. United States, 116 S.Ct. 2035, 2046-47 (1996) (A district court's decision regarding departure "will in most cases be due substantial deference, for it embodies the traditional exercise of discretion by a sentencing court.... District courts have an institutional advantage over appellate courts in making these sorts of determinations."). Accordingly, because Altman has failed to demonstrate that the district court did not appreciate its power to make a departure in this case, we affirm his sentence. See McGregor, 11 F.3d at 1138 ("Absent a showing that a sentencing court was under the mistaken belief that it lacked authority to depart downward, the exercise of its discretion not to depart from the applicable Guideline range is not appealable.").